IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LITWINOWICZ, | ) | CASE NO. 1:14 CV 552 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CITY OF EUCLID, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* plaintiff Christopher Michael Litwinowicz filed the above-captioned action, which he titles as a Petition for a Writ of Mandamus against the City of Euclid, Ohio and Thomas Malone. In the complaint, plaintiff alleges the defendants are violating Ohio Revised Code §731.28. He seeks a Writ of Mandamus from this court ordering the defendants to "properly fulfill their official duties and correct the abuse of discretion." (ECF No. 1 at 2).

Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. That Motion is granted.

**Factual and Procedural Background**

Plaintiff's complaint contains very few factual allegations. He states that the defendants have violated Ohio Revised Code § 731.28 pertaining to ordinances and measures proposed by initiative petitions. He filed a forty-eight part petition with the City of Euclid on February 13, 2013. He states a public viewing took place and then "the process... stopped." (ECF No. 1 at 1). He contends the Ohio Revised Code dictates that when a petition, signed by the required

number of electors, is filed with the city auditor or village clerk, the auditor or clerk shall transmit a certified copy of the proposed ordinance to the Board of Elections within ten days. The Board then examines the petition to determine if it contains the correct number of voters' signatures and returns it to the auditor or clerk. Plaintiff claims Malone "has failed to do all of this." (ECF No. 1 at 2). He seeks a Writ of Mandamus to order the defendants to "properly fulfill their official duties." (ECF No. 1 at 2).

### Standard of Review

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombley*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal

conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

Title 28 U.S.C. § 1361 provides the district court with mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer*, 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995); *Ryon v. O'Neill*, 894 F.2d 199, 205 (6th Cir. 1990). Here, plaintiff seeks relief from a municipality and an employee of that municipality, not from a federal agency or employee. Federal courts have no authority to compel state or local officials to follow state law. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). This court cannot grant the relief plaintiff requests.

Moreover, this court lacks subject matter jurisdiction to grant any type of relief in this case. Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he is a citizen of one state and all of the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question.

-3-

This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. All of the parties are citizens of the State of Ohio. If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-complaint rule focuses on what plaintiff alleges, it allows the court to look past the words of the complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, plaintiff failed to properly identify a federal question in his complaint. He contends the defendants are violating Ohio Revised Code §731.28. A violation of

state law will not support federal question jurisdiction.

### Conclusion

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* is granted (ECF No. 2), his Motion for a Directed Verdict (ECF No. 3) is denied, and this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: July 23, 2014

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-5-